# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mollie Kaupa,

                               Plaintiff,

      v.

Goodyear Tire & Rubber Company,

                               Defendant.

Court File No.

**NOTICE OF REMOVAL**

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Goodyear Tire & Rubber Company ("Defendant") hereby gives notice of removal of the above-captioned action currently pending in the Le Sueur County District Court, State of Minnesota, to the United States District Court for the District of Minnesota.  In support of its Notice of Removal, Defendant states as follows:

1.      On or about November 29, 2022, Plaintiff, Mollie Kaupa, ("Plaintiff") commenced a civil action against Defendant in the Le Sueur County District Court in the State of Minnesota, by service pursuant to Minnesota Rule of Civil Procedure 3.01.  A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2.      ***Diversity Jurisdiction Basis for Removal:***  This case is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in citizenship from Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3.      ***Citizenship of Parties:***  Plaintiff is the sole identified plaintiff in this action.  Upon information and belief, Plaintiff was a citizen and resident of the State of Minnesota at the time of the commencement of this action and is now a citizen and resident of the State of Minnesota.  (*See* Exhibit A.)

4. Defendant is the sole identified defendant in this action. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is deemed to be a citizen of the state of Ohio by which it was formed and the state where its principal place of business is located.

5. At the time of the commencement of this action and continuing to the present, Defendant is formed under the laws of the state of Ohio, with its principal place of business in the State of Ohio. Plaintiff is, therefore, diverse in citizenship from Defendant so as to vest removal jurisdiction in this Court.

6. ***Amount in Controversy:*** This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. The amount in controversy is to be judged at the time of removal by considering the claims of the named plaintiffs. *Kessler v. Nat'l Enters.*, Inc., 347 F.3d 1076, 1080 (8th Cir. 2003). The controlling issue is "not whether the damages are greater than the jurisdictional amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Plaintiff expressly alleges that she seeks monetary damages in excess of $50,000. (Exhibit A at Wherefore Clause ¶¶ 1 – 4.) The Complaint also alleges that Plaintiff has incurred damages for "lost income, benefits, lost earning capacity, past and future, mental anguish and suffering..." (Exhibit A at ¶ 19.) At the time Plaintiff alleges her assignment at Goodyear ended in July 2022, she alleges she was earning &16.77 per hour and working forty hours per week. (Exhibit A at ¶¶ 5, 12, 16.) Plaintiff also seeks reasonable attorney's fees, costs and disbursements, and punitive damages. (Exhibit A at ¶ 19 & Wherefore Clause) Punitive damages are included in determining the amount in controversy, even where a Plaintiff cannot directly plead a claim for punitive damages at the time the lawsuit is commenced. *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Esget v. Adecco USA, Inc.*, Civ. No. 12–2164 (RHK/AJB), 2012 WL 4856302, **2-3 (D. Minn. Oct. 12,

2021). Taking Plaintiff's damages claims together and her clear statement that she is seeking attorneys' fees, this is the type of case wherein the damages sought routinely exceed $75,000.00, such that Defendant may remove this action. *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001).

7.     ***Timing of Removal:*** Fewer than thirty (30) days have elapsed since November 29, 2022, when Plaintiff first served Defendant with the Complaint. *See* 28 U.S.C. § 1446(b).

8.     Simultaneous with the filing of this Notice of Removal, Defendant has notified the Le Sueur County District Court in the State of Minnesota of removal of this action. No other process, pleadings, or orders have been served or filed in this action.

9.     True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff's counsel and filed with the Court Administrator of the Le Sueur County District Court in the State of Minnesota on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court for the County of Le Sueur Minnesota, be removed to the United States District Court for the District of Minnesota.

Dated:  December 20, 2022

                                             s/ Susan K. Fitzke
                                             Susan K. Fitzke, Bar No. 294032
                                             sfitzke@littler.com
                                             Sinloria Macrae, Bar No. 0402371
                                             smacrae@littler.com
                                             LITTLER MENDELSON, P.C.
                                             1300 IDS Center
                                             80 South 8th Street
                                             Minneapolis, MN  55402.2136
                                             Telephone:    612.630.1000
                                             Facsimile:     612.630.9626

                                             Attorneys for Defendant

4875-8744-5314.2 / 056530-1000