# EXHIBIT A

STATE OF MINNESOTA                                               DISTRICT COURT

COUNTY OF LE SUEUR                                          FIRST JUDICIAL DISTRICT

---

|  |  |
|---|---|
| Mollie Kaupa, | Case Type: Employment<br>Court File No.:_____ |
| Plaintiff, |  |
| v. | **SUMMONS** |
| Goodyear Tire & Rubber Company, |  |
| Defendant. |  |

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1.   **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.   **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3.   **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.   **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be

entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: November 29, 2022                    AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg (#0386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: November 29, 2022                    */s/ Ryan H. Ahlberg*
                                            Ryan H. Ahlberg (#0386520)

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF LE SUEUR | FIRST JUDICIAL DISTRICT |

| | |
|---|---|
| Mollie Kaupa, | Case Type: Employment<br>Court File No.:_____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Goodyear Tire & Rubber Company, | |
| Defendant. | |

Plaintiff Mollie Kaupa, as and for her Complaint against Defendant Goodyear Tire & Rubber Company, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Mollie Kaupa (hereinafter "Kaupa") is an individual residing in Le Sueur County, Minnesota.

2. Defendant Goodyear Tire & Rubber Company (hereinafter, "Goodyear"), is a foreign corporation that maintains a registered office located at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

3. Jurisdiction is proper in part pursuant to Minn. Stat. § 543.19.

4. Venue is proper pursuant to Minn. Stat. § 542.09 as the allegations that form the basis of this Complaint occurred in Le Sueur County, Minnesota.

## FACTUAL ALLEGATIONS

5. Kaupa began working at Goodyear as an at home call center worker beginning on or around May 30, 2022. Kaupa secured employment with Goodyear via a temporary employment agency Horizon Staffing (hereinafter, "Horizon").

6. Kaupa worked forty hours per week, earning $16.77 per hour.

7. Kaupa, a pregnant woman, is a member of a protected class on the basis of familial status and sex as those terms are defined by the Minnesota Human Rights Act (hereinafter, "MHRA").

8. Kaupa informed Goodyear of her pregnancy during the first day of her training.

9. Kaupa was told to keep Goodyear updated about her pending maternity leave. While no specific dates were set for her leave, she was told not to worry.

10. For medical reasons, Kaupa had to be induced early, and contacted Goodyear about going on leave. Goodyear requested that Kaupa keep them updated.

11. Kaupa's leave began on or around July 16, 2022, and was induced on or around July 19, 2022.

12. Being that Kaupa was repeatedly reassured about her leave, she was under the impression that her maternity leave was approved. Kaupa missed work from July 16, 2022, to July 19, 2022.

13. Two days after delivering, Kaupa attempted to check her work email, but was locked out of all of her accounts. Being that Kaupa was denied access to

Goodyears' platforms, she was unable to contact her direct supervisor, Matthew Cherry (hereinafter, "Cherry"), or anyone else.

14. On or around August 24, 2022, Kaupa was forced to reach out to Bailey (Last Name Unknown) at Horizon as she was unable to connect with Goodyear.

15. Kaupa also emailed Nick (Last Name Unknown) at Horizon.

16. After emailing Nick, Kaupa finally received a letter stating that her employment with Goodyear took place between May 30, 2022, to July 22, 2022.

17. After repeatedly being assured that she would be granted maternity leave, Goodyear ended Kaupa's employment days after giving birth.

18. As a result of Goodyear's conduct, Kaupa was forced into an impossible situation of searching for new employment while caring for a newborn child. Already under the strain of having an infant, Kaupa was further strained by having to support a child without employment.

19. As a direct and proximate result of Goodyear's conduct, Kaupa has suffered damages, including but not limited to, economic damages, other compensatory damages, damages for mental anguish and suffering, liquidated damages, other statutory and punitive damages, costs of suit, and attorney's fees.

### CAUSE OF ACTION I
### Unfair Employment Practice - Sex Discrimination
### (*Minn. Stat. § 363A.08 Subd. 2*)

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. Kaupa is a member of a protected class on the basis of and sex as those terms are defined by the MHRA.

22. Goodyear took adverse employment action against Kaupa when Goodyear ended her employment two days after having delivered her child.

23. Furthermore, Kaupa was replaced, or alternatively, her work was reassigned, to non-members of the protected class.

24. As a direct and/or proximate cause of Goodyear's conduct, Kaupa has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

## CAUSE OF ACTION II
### Unfair Employment Practice - Discriminatory Discharge
*(Minn. Stat. § 363A.08 Subd. 2)*

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Kaupa is a member of a protected class on the basis of sex as those terms are defined by the MHRA.

27. Goodyear took adverse employment action against Kaupa when Goodyear ended her employment two days after having delivered her child.

28. Furthermore, Kaupa was replaced, or alternatively, her work was reassigned, to non-members of the protected class.

29. As a direct and/or proximate cause of Goodyear's conduct, Kaupa has suffered damages in excess of $50,000 to be proved with further specificity at trial, and

additionally seeks civil penalties and injunctive relief as allowed by statute.

### CAUSE OF ACTION III
### Unfair Employment Practice - Reprisal
### (*Minn. Stat. § 363A.15*)

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. Kaupa engaged in statutorily-protected conduct and exercised rights to which she was entitled under the MHRA when she informed Goodyear that she was pregnant and needed to take maternity leave.

32. Goodyear's actions, as described herein, constituted an adverse employment action.

33. There is a causal connection between Kaupa's statutorily-protected conduct and Goodyear's adverse employment action.

34. As a direct and/or proximate cause of Goodyear's conduct, Kaupa has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

**WHEREFORE**, Kaupa requests a **JURY TRIAL** on her claims and judgment against Goodyear as follows:

1. As to Cause of Action I, for judgment in favor of Kaupa in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order directing Goodyear to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn.*

*Stat. § 363A.29 Subds. 3 through 6.* Kaupa intends to move to amend her Complaint to assert a claim for punitive damages;

2. As to Cause of Action II, for judgment in favor of Kaupa in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order directing Goodyear to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn. Stat. § 363A.29 Subds. 3 through 6.* Kaupa intends to move to amend her Complaint to assert a claim for punitive damages;

3. As to Cause of Action III, for judgment in favor of Kaupa in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order directing Goodyear to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn. Stat. § 363A.29 Subds. 3 through 6.* Kaupa intends to move to amend her Complaint to assert a claim for punitive damages;

4. As to Cause of Action IV, for judgment in favor of Kaupa in an amount greater than $50,000 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief;

5. For Kaupa's costs, disbursements and attorney's fees incurred herein;

6. For such other and further relief as the Court deems just and equitable.

Dated: November 29, 2022						AHLBERG LAW, PLLC

							*/s/ Ryan H. Ahlberg*
							Ryan H. Ahlberg (#0386520)
							Union Plaza Building, Suite 300
							333 Washington Avenue North
							Minneapolis, Minnesota  55401
							(612) 900-2269
							rahlberg@ahlberglaw.com
							Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: November 29, 2022						*/s/ Ryan H. Ahlberg*
							Ryan H. Ahlberg (#0386520)